AO 257 (Rev. 6/78)

### DEFENDANT INFORMATION RELATIVE TO A CRIMINAL ACTION - IN U.S. DISTRICT COURT

BY: ☐ COMPLAINT   ☒ INFORMATION   ☐ INDICTMENT   ☐ SUPERSEDING

---OFFENSE CHARGED---

see attachment

☐ Petty
☐ Minor
☐ Misdemeanor
☒ Felony

PENALTY: see attachment

FILED
NOV -1 2017
SUSAN Y. SOONG
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

Name of District Court, and/or Judge/Magistrate Location
NORTHERN DISTRICT OF CALIFORNIA
SAN FRANCISCO DIVISION

---DEFENDANT - U.S---

▶ JEFFREY WERTKIN

DISTRICT COURT NUMBER
CR 17 557 MMC

---PROCEEDING---

Name of Complaintant Agency, or Person (& Title, if any)
DOJ/Inspector General and Federal Bureau of Investigation

☐ person is awaiting trial in another Federal or State Court, give name of court

☐ this person/proceeding is transferred from another district per (circle one) FRCrp 20, 21, or 40. Show District

☐ this is a reprosecution of charges previously dismissed which were dismissed on motion of:
☐ U.S. ATTORNEY   ☐ DEFENSE

SHOW DOCKET NO.

☐ this prosecution relates to a pending case involving this same defendant

MAGISTRATE CASE NO.

☐ prior proceedings or appearance(s) before U.S. Magistrate regarding this defendant were recorded under

---DEFENDANT---

IS *NOT* IN CUSTODY
Has not been arrested, pending outcome this proceeding.
1) ☐ If not detained give date any prior summons was served on above charges ▶
2) ☐ Is a Fugitive
3) ☒ Is on Bail or Release from (show District)
   NDCA

IS IN CUSTODY
4) ☐ On this charge
5) ☐ On another conviction     } ☐ Federal ☐ State
6) ☐ Awaiting trial on other charges
   If answer to (6) is "Yes", show name of institution

Has detainer ☐ Yes   If "Yes" give date filed
been filed?  ☐ No

DATE OF ARREST ▶ Month/Day/Year

Or... if Arresting Agency & Warrant were not

DATE TRANSFERRED ▶ Month/Day/Year
TO U.S. CUSTODY

Name and Office of Person Furnishing Information on this form   BRIAN J. STRETCH
☒ U.S. Attorney   ☐ Other U.S. Agency

Name of Assistant U.S. Attorney (if assigned)   Robin L. Harris

☐ This report amends AO 257 previously submitted

---ADDITIONAL INFORMATION OR COMMENTS---

PROCESS:
☐ SUMMONS   ☒ NO PROCESS*   ☐ WARRANT   Bail Amount:
If Summons, complete following:
☐ Arraignment   ☐ Initial Appearance
Defendant Address:

* Where defendant previously apprehended on complaint, no new summons or warrant needed, since Magistrate has scheduled arraignment

Date/Time:   Before Judge:

Comments:

# Attachment to Penalty Sheet
# United States v. Jeffrey Wertkin

## Offenses Charged

| | |
|---|---|
| Counts One and Two | 18 U.S.C. § 1505 – Obstruction of Justice |
| Count Three | 18 U.S.C. § 2314 – Interstate Transportation of Stolen Goods |

## Penalties

| | |
|---|---|
| Count One | 5 years imprisonment; $250,000 fine; $100 special assessment; 3 years supervised released |
| Count Two | 5 years imprisonment; $250,000 fine; $100 special assessment; 3 years supervised released |
| Count Three | 10 years imprisonment; $250,000 fine; $100 special assessment; 3 years supervised released |

BRIAN J. STRETCH (CABN 163973)
United States Attorney

**FILED**

NOV - 1 2017

SUSAN Y. SOONG
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, <br><br> Plaintiff, <br><br> v. <br><br> JEFFREY WERTKIN, <br><br> Defendant. | No. CR 17 557 MMC <br><br> <u>VIOLATIONS</u>: 18 U.S.C. § 1505 – Obstruction of Justice; 18 U.S.C. § 2314 – Interstate Transportation of Stolen Goods <br><br> SAN FRANCISCO VENUE |

INFORMATION

The United States Attorney charges:

<u>INTRODUCTORY ALLEGATIONS</u>

At all times relevant to this Information, with all dates being approximate and all date ranges both approximate and inclusive:

1. The defendant, JEFFREY WERTKIN, was an attorney who resided in Washington, D.C.

2. A qui tam complaint is a civil lawsuit filed by an individual or individuals known as "relators." Qui tam lawsuits are filed under seal with the court pursuant to 31 U.S.C. § 3730(b)(2) and remain sealed until the court lifts the sealing order. Federal statute requires relators who file a qui tam lawsuit to serve a copy of the lawsuit on the United States Attorney General.

3. During the period October 24, 2010 through April 12, 2016, WERTKIN worked in

INFORMATION

Washington D.C. as a trial attorney for the Civil Division of the United States Department of Justice (DOJ). WERTKIN worked in the Civil Fraud section of DOJ.

4. Qui tam lawsuits served on the Attorney General are, thereafter, assigned by the Chief of the Fraud Section of DOJ to individual trial attorneys who work in the Civil Fraud section.

5. On or about January 20, 2016, a civil qui tam complaint was filed under seal pursuant to 31 U.S.C. § 3730(b)(2) in the United States District Court in the Northern District of California (lawsuit #1), which lawsuit was assigned to a magistrate judge sitting in the San Francisco courthouse of the Northern District of California. Lawsuit #1 was served on the United States Attorney General. Lawsuit #1 was not assigned to WERTKIN.

6. On February 23, 2016, a civil qui tam complaint was filed under seal pursuant to 31 U.S.C. § 3730(b)(2) in the United States District Court in the Northern District of California (lawsuit #2), which lawsuit was assigned to a magistrate judge sitting in the San Francisco courthouse of the Northern District of California. Lawsuit #2 was served on the United States Attorney General. Lawsuit #2 was not assigned to WERTKIN.

7. At all times relevant to this Information, lawsuit #1 and lawsuit #2 remained under seal by order of the United States District Court.

THE SCHEME TO OBSTRUCT JUSTICE AND TRANSPORT STOLEN PROPERTY

8. On or before April 12, 2016, WERTKIN removed copies of lawsuits #1 and #2, along with other qui tam complaints, from the Fraud Section of the DOJ without permission and for his own personal use.

9. On or about November 30, 2016, WERTKIN contacted a high-level employee (employee #1) of a company headquartered in the Northern District of California (company #1) and referenced a sealed complaint filed in the Northern District of California against the employee's company (lawsuit #1). WERTKIN offered to mail employee #1 the first page of the sealed complaint and further offered to provide the entire complaint in exchange for a "consulting fee."

10. On or about November 30, 2016, WERTKIN mailed employee #1 at company #1's address in the Northern District of California an envelope containing a redacted copy of the face sheet of lawsuit #1.

INFORMATION
2

11. Between November 30, 2016 and January 31, 2017, WERTKIN offered to provide employee #1 a complete copy of lawsuit #1 if company #1 paid WERTKIN $310,000.

12. On or about January 23, 2017, WERTKIN contacted an employee (employee #2) of a company headquartered in Oregon (company #2) and referenced a sealed complaint filed against company #2 (lawsuit #2). WERTKIN offered to mail a redacted copy of the face sheet of lawsuit #2 to an individual designated by employee #2 and to provide the entire complaint in exchange for a fee.

13. On or after January 23, 2017, and before January 27, 2017, WERTKIN mailed a redacted copy of the face sheet of lawsuit #2 to an individual who worked at company #2.

14. On January 30, 2017, WERTKIN travelled from Ronald Reagan National Airport in Arlington, Virginia, to San Francisco International Airport, in the Northern District of California. WERTKIN brought a copy of lawsuit #1 with him from Arlington, Virginia to the Northern District of California.

15. On January 31, 2017, WERTKIN provided a complete copy of lawsuit #1 to an individual WERTKIN understood worked for company #1 and whom WERTKIN believed was going to pay him $310,000 in exchange for a copy of lawsuit #1.

COUNT ONE:		(18 U.S.C. § 1505 – Obstruction of Justice)

16. Paragraphs 1 through 15 of this Information are re-alleged and incorporated as if fully set forth here.

17. Beginning on or about November 30, 2016 and continuing through on or about January 31, 2017, in the Northern District of California and elsewhere, the defendant,

JEFFREY WERTKIN,

did knowingly, willfully, and corruptly endeavor to influence, obstruct, and impede the due administration of the law under which a pending proceeding was being had before a department or agency of the United States by converting to his own use lawsuit #1 and, thereafter, attempting to sell a copy of lawsuit #1 to one of the defendants named in lawsuit #1, all in an effort to influence and obstruct and impede the United States District Court's sealing order in lawsuit #1.

All in violation of Title 18, United States Code, Section 1505.

INFORMATION

3

1  COUNT TWO:        (18 U.S.C. § 1505 – Obstruction of Justice)

2       18.    Paragraphs 1 through 15 of this Information are re-alleged and incorporated as if fully
3  set forth here.

4       19.    On or about January 23, 2017, and continuing through on or about January 27, 2017, in
5  the Northern District of California and elsewhere, the defendant,

6                              JEFFREY WERTKIN,

7  did knowingly, willfully, and corruptly endeavor to influence, obstruct, and impede the due
8  administration of the law under which a pending proceeding was being had before a department or
9  agency of the United States by converting to his own use lawsuit #2 and, thereafter, attempting to sell a
10 copy of lawsuit #2 to one of the defendants named in lawsuit #2, all in an effort to influence and obstruct
11 and impede the United States District Court's sealing order in lawsuit #2.

12      All in violation of Title 18, United States Code, Section 1505.

13

14 COUNT THREE:      (18 U.S.C. § 2314 – Interstate Transportation of Stolen Goods)

15      20.    Paragraphs 1 through 15 of this Information are re-alleged and incorporated as if fully
16 set forth here.

17      21.    On or about January 30, 2017, and continuing through on or about January 31, 2017, in
18 the Northern District of California and elsewhere, the defendant,

19                             JEFFREY WERTKIN,

20 did knowingly transport, transmit, and transfer in interstate commerce goods, wares, and merchandise
21 having a value of more than $5000, to wit, lawsuit #1, knowing lawsuit #1 to have been stolen,
22 / / /
23 / / /
24 / / /
25 / / /
26 / / /
27 / / /
28 / / /

INFORMATION

4

1 | converted, and taken by fraud.

2 | All in violation of Title 18, United States Code, Section 2314.

3

4 | DATED: October 30, 2017

BRIAN J. STRETCH
United States Attorney

*/s/ Barbara Valliere*
BARBARA J. VALLIERE
Chief, Criminal Division

9 | (Approved as to form: __/s/ Harris__ )
AUSAs HARRIS and FRENTZEN

INFORMATION

5