**Jeffrey Wertkin**
213 F Street NE
Washington DC 20002
202-570-9794
jeffwertkin@gmail.com

March 16, 2018

<u>By United States Mail and Electronic Mail</u>

Hon. Maxine M. Chesney
c/o Clerk of Court
United States District Court for the Northern District of California
450 Golden Gate Avenue, 16th Floor
San Francisco, CA 94102

**Re: United States v. Wertkin, No. 17-cr-00557-MMC**

Dear Judge Chesney,

Approximately 15 minutes after you handed down your sentence in my case, while I was still in your courtroom, the Government returned the belongings it seized from me at the time of my arrest. Among the items the Government returned was an external hard drive that contained copies of the 40 sealed *qui tam* complaints that were the subject of my prosecution. In other words, the Government handed me copies of the 40 sealed *qui tam* complaints they had just prosecuted me for stealing. Among the complaints that the Government gave to me was the *qui tam* complaint I tried to sell to the General Counsel in Sunnyvale, California, which is still under seal and which the Government has insisted was worth in excess of $250,000. When they gave me the external hard drive, I was told (in the presence of my attorney Raphe Goldman) that if I found any documents on the hard drive that I should not have, that I should delete them.

I didn't look at the contents of the hard drive until the next day when I was flying from San Francisco to New York. When I found the *qui tam* complaints exactly how I had left them, I was very uncomfortable deleting the files per the Government's instructions. I knew from my experience that all of these *qui tams* would likely become public in the next few months, but I was concerned how the Government would react if they later found any electronic trace of these documents on my computer. Within five

Letter to Hon. Maxine Chesney
Page 2

minutes of my plane landing in New York, I contacted Cris Arguedas and told her I
wanted to return the external hard drive to the Government as soon as possible. Cris
immediately contacted AUSA Harris and an FBI agent was sent to my parent's house in
New York to retrieve the hard drive. I returned the sealed *qui tams* to the Government
on March 9, 2018.

At sentencing, you heard and acknowledged the competing interests in this case.
On the one hand, Cris described the aberrant nature of my actions, my extensive
cooperation with investigators, and the collateral consequences of my crimes.
Acknowledging these points, you noted that "it's true that the Defendant isn't going to do
it again," and that you are "very understanding of the effects that any prison sentence is
going to have on family." On the other hand, AUSA Harris argued that a guideline
sentence was necessary to maintain "the Department of Justice's credibility" and for
"general deterrence." Acknowledging these points, you noted that "[DOJ is] concerned
about all the people who have given them confidential information who now feel the
office is a sieve."

If this was truly the Government's primary concern in this case, they should never
have handed me an external hard drive that they *knew* contained sealed *qui tam*
complaints. I believe that returning the 40 sealed *qui tam* complaints to me after
sentencing, whether done so intentionally or the result of carelessness, reveals that the
guideline range based on theft of property over $250,000 overstated the severity of my
offense. I truly wish this fact had come to light before sentencing so that you could have
fully appreciated what Cris wrote in my sentencing memorandum: "we submit that the
core of Mr. Wertkin's offense was his breach of trust and disloyalty to the government
and that his culpability is therefore more accurately reflected in the obstruction of justice
counts, the guideline for which yields a somewhat lower offense level than the theft
count."

I considered filing a Rule 35(a) Motion for corrected sentence based on this new
information and my concern that the Court did not have all the facts it needed to
understand the nature of the theft charge and balance the competing interests in his
case. But I was worried that making a public filing about this would cause DOJ further
embarrassment, especially in light of AUSA Harris' statement at the sentencing that

Letter to Hon. Maxine Chesney
Page 3

"Anyone who works in the Department of Justice . . . would be terminated if they negligently mailed sealed qui tams to a private law firm." I am committed to living the rest of my life with honor and integrity, and I do not wish to cause more harm to the reputation of the Justice Department than I have already caused.

I write you this letter because I wanted you to have this information and because I would like you to reconsider your decision to decline my attorney's request to recommend that I be permitted to participate in the Bureau of Prisons' Residential Drug Abuse Program. Dkt. 19. In light of the Probation Officer's findings, I clearly meet the eligibility requirements for the program and such a recommendation would be consistent with the Court's order that I participate in a program of testing and treatment for drug abuse and refrain from alcohol during my three-year period of supervised release.

I acted unethically, I was wrong, and I am guilty. My decision to remove the sealed *qui tam* complaints from the DOJ was a serious transgression that deserves to be punished. Indeed, I am now a convicted felon who has deservedly lost my law license, my employment, my future prospects, the respect of my peers, and my freedom beginning on May 21. Participating in the RDAP program will not allow me escape responsibility for my offenses. As a father and primary caregiver of a young family who struggled with substance abuse in the year leading up to my crimes, I humbly ask you to reconsider your position and make a recommendation that I be permitted to participate in the RDAP program.

Sincerely,

Jeffrey Wertkin

cc.   Robin Harris
      William Frenzen
      Cris Arguedas